IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3138-FL

| | |
|---|---|
| CHRISTOPHER NEAL, also known as Christopher Lee Neal, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RN TERESA CARTER, P.A. ERICA KEARNEY, NURSE CORA MADDOX, and WARDEN DAVID MAY, | ) ) ) ) |
| Defendants. | ) ) |

ORDER

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint May 30, 2024, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to amend the complaint (DE 7), to appoint counsel (DE 9), and to file supplemental complaint (DE 11).

**COURT'S DISCUSSION**

The court begins with plaintiff's motions. The first motion to amend the complaint is granted as a matter of course. See Fed. R. Civ. P. 15(a). The court also grants plaintiff's motion to file supplement complaint. See id.; Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Accordingly, the operative pleading the court will review under 28 U.S.C. § 1915(e)(2)(B) is the amended complaint at docket entry seven together with the supplemental pleading at docket entry 11-1. As for the motion to appoint counsel, plaintiff at this stage fails to establish that exceptional

circumstances merit appointment of counsel. See Jenkins v. Woodard, 109 F.4th 242, 247–48 (4th Cir. 2024).

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Here, plaintiff plausibly alleges defendants failed to provide adequate medical care in violation of the Eighth Amendment to the United States Constitution. See Phoenix v. Amonette, 95 F.4th 852, 859 (4th Cir. 2024). Plaintiff also may proceed with his related state law claims for medical malpractice or gross negligence, as alleged in both the amended and supplemental complaints. (DE 7, 11).

## CONCLUSION

Based on the foregoing, this action is ALLOWED to proceed as to all claims in the amended and supplemental complaints. The clerk is DIRECTED to amend the docket to reflect that the operative pleading in this case is the complaint at docket entry 7 as supplemented by the supplemental complaint at docket entry 11-1. The clerk further is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in this context. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 26th day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge